**Dixie J. BLANCHARD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3328.

United States Court of Appeals, Federal Circuit.

March 5, 2003.

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Dixie J. Blanchard appeals the final decision of the Merit Systems Protection Board ("Board") that dismissed as untimely her appeal of the Office of Personnel Management's ("OPM's") reconsideration decision denying her application for survivor annuity benefits under the Civil Service Retirement System ("CSRS"). *Blanchard v. Office of Pers. Mgmt.*, Docket No. SE–0831–02–0052–I–1, 2002 WL 992205 (May 9, 2002). Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, and is otherwise in accordance with law, we *affirm*.

## BACKGROUND

Ms. Blanchard applied to OPM for survivor annuity benefits under the Civil Service Retirement Spouse Equity Act of 1984, 5 U.S.C. § 8341 (1988), as the former spouse of a federal employee. Under this statute, a former spouse of a federal employee who retired before May 7, 1985, may be entitled to a survivor annuity provided that the former spouse meets certain

eligibility requirements under 5 C.F.R. § 831.622(a) (1989). Although Ms. Blanchard timely filed her application, OPM, in its May 23, 1989 reconsideration decision, found that she failed to meet one of the eligibility requirements under the statute, that is, she was not at least 50 years of age prior to May 9, 1987.

Nevertheless, OPM informed Ms. Blanchard of her appeal rights to the Board. Specifically, OPM noted that Ms. Blanchard had twenty-five [1] (25) calendar days in which to appeal the May 23, 1989 reconsideration decision to the Board. Thus, Ms. Blanchard's deadline for filing an appeal with the Board was June 17, 1989. Ms. Blanchard, however, did not file her petition for appeal with the Board until October 29, 2001, more than twelve (12) years after the prescribed statutory period expired. In her petition for appeal, Ms. Blanchard acknowledged the receipt of the OPM's final decision on May 23, 1989 and realized that her appeal was untimely. Nevertheless, Ms. Blanchard requested that her case be reopened. What prompted Ms. Blanchard's appeal was the fact that her former spouse died on June 4, 2001. In addition, she hoped that § 831.622(a) had since changed the deadline for reaching age 50 from 1987 to 1989.

On November 29, 2001, the administrative judge ("AJ") issued an acknowledgment order stating that Ms. Blanchard's appeal was seemingly untimely and that she had the burden of proof on the issue of timeliness. The AJ gave Ms. Blanchard the opportunity to file evidence and arguments showing that her appeal was timely filed or show a good reason for the delay pursuant to 5 C.F.R. § 1201.22(c) (1990). In her response memorandum, Ms. Blanchard stated that she did not believe that she ever received a final decision on her request for reconsideration or if she had, she was unable to locate it.

Subsequently, on February 22, 2002, the AJ issued an initial decision dismissing Ms. Blanchard's appeal as untimely filed. In addition, the judge found that Ms. Blanchard failed to show good cause justifying a waiver of the time limit for filing her appeal. Accordingly, the AJ dismissed the appeal.

Ms. Blanchard then filed a petition for review by the full Board. On May 9, 2002, the Board denied the petition for review concluding that there was no new, previously unavailable, evidence and that the AJ made no error in law or regulation that would affect the outcome pursuant to 5 C.F.R. § 1201.115(d). Therefore, the initial decision of the AJ was made final. This appeal followed and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir. 1986).

Board regulations provide that an appeal from an OPM reconsideration decision issued in 1989 must be filed within twenty-five (25) days of the decision's issuance. 5 C.F.R. § 1201.22(b). If the appeal is not filed within this time period, it will be dismissed as untimely unless the petitioner shows "a good reason for the delay." 5

---

1. The Board's regulations now require that an appeal be filed not later than 30 days after the effective date of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b) (2002).

C.F.R. § 1201.22(c). Here, OPM issued its reconsideration decision on May 23, 1989. Accordingly, Ms. Blanchard's deadline for filing an appeal to the Board was June 17, 1989. Ms. Blanchard, however, did not file her petition for appeal with the Board until October 29, 2001, more than twelve (12) years after the prescribed statutory requirement. Because Ms. Blanchard's appeal was filed outside the limitation period, we need only consider the issue of whether the Board improperly denied her a waiver based on a finding of an absence of a showing of good cause.

"Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir. 1992) (*en banc*). A delay is excusable if the petitioner exercised diligence or ordinary prudence. *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed.Cir. 1982). Moreover, the burden is on the petitioner to show that the delay was excusable. *Id.*

When determining whether to waive its filing deadline, the Board considers the factors set forth in *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed.Cir. 1994):(1) the length of delay; (2) whether the appellant was notified of the time limit or was otherwise aware of it; (3) the existence of circumstances beyond the control of the appellant which affected his or her ability to comply with the time limits; (4) the degree to which negligence by the appellant has been shown to be present or absent; (5) circumstances which show that any neglect involved is excusable; (6) showing of unavoidable casualty or misfortune; and (7) the extent and nature of prejudice to the agency because of the delay. *Id.* at 1582.

In this case, OPM correctly informed Ms. Blanchard of her right to appeal to the Board as well as the twenty-five (25) day deadline for filing such an appeal. In addition, OPM provided instructions on how to file an appeal. Ms. Blanchard gave conflicting accounts of whether she even received OPM's May 23, 1989 reconsideration decision. The AJ found Ms. Blanchard's initial statement that she received OPM's reconsideration decision as more credible than her later statement in which she denied receiving it. As a basis for his finding, the AJ emphasized the fact that Ms. Blanchard enclosed with her perfected appeal the original copy of OPM's reconsideration decision. Thus, the AJ concluded that Ms. Blanchard failed to show good cause justifying a waiver of the time limit for filing an appeal. We hold that the AJ did not abuse his discretion by dismissing Ms. Blanchard's appeal for failure to show good cause.

The AJ further found that neither Ms. Blanchard's excuse that her ex-husband died in June 2001 nor her hope that 5 C.F.R. § 831.622(a) had changed the deadline for reaching age 50 to May 1989 excused her delay in filing an appeal with the Board. With respect to Ms. Blanchard's reliance on a change in 831.622(a), the AJ properly found that such a reliance did not constitute an excusable delay. The discovery of new legal arguments or the discovery of a precedential decision which may affect the outcome of an appeal does not, by itself, establish good cause for the untimely filing of a petition for review. *Cf. Romero v. Office of Pers. Mgmt.*, 66 M.S.P.R. 109, 112 (1995), *aff'd*, 66 F.3d 347 (Fed.Cir.1995) (stating that the issuance of a precedential decision after the deadline for filing a petition for review does not establish good cause for waiver of the time limit).

Accordingly, we affirm the Board's decision dismissing Ms. Blanchard's petition for appeal as untimely filed with no good cause shown for the delay.